FILED

JAN 30 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MASOUD BAMDAD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-137 |
| DRUG ENFORCEMENT ADMINISTRATION, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

"The plaintiff, Masoud Bamdad, M.D., was investigated by the [Drug Enforcement Administration]," Compl. ¶ 2, and this investigation apparently led to his conviction by a jury on ten counts of illegally prescribing oxycodone and three counts of illegally prescribing oxycodone to persons under twenty-one years old, and his sentence of 300 months in custody and a $1 million fine. *See United States v. Bamdad*, 459 F. App'x 653 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2726 (2012). According to the plaintiff, the defendant agents posed as "patients in pain and in need of painkillers," Compl. ¶ 16, and obtained audio and video recordings of medical examinations and conversations in the plaintiff's office, *see id.* ¶¶ 7-11, without a warrant in violation of rights protected under the Fourth and Fifth Amendments to the United States Constitution, *see id.* ¶¶ 12-13. The plaintiff has brought this civil rights action under *Bivens v.*

*Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), demanding a declaratory judgment and compensatory and punitive damages.

"[A] criminal defendant may not recover damages under 42 U.S.C. § 1983 for 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid' unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Williams v. Hill,* 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Heck v. Humphrey,* 512 U.S. 477, 487 (1994)). "The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions." *Id.* In this case, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. If the plaintiff's allegations were proved true, the ruling would undermine the validity of his criminal conviction. Because he has not shown that his conviction or sentence has already been invalidated, this civil rights action for damages must be dismissed.

An Order accompanies this Memorandum Opinion.

DATE: January 13, 2014

United States District Judge